UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 9 2018
```

PMJ Capital Corp.,

          Plaintiff,

—v—

Frank Bauco, et al.,

          Defendants.

16-CV-6242 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

This case concerns a vessel foreclosure action brought by Plaintiff PMJ Capital Corp. ("PMJ") against individual defendants Frank and Antoinette Bauco ("the Baucos"), in rem defendant the Lady Antoinette ("the Vessel"), and the New York Athletic Club ("NYAC"), where the Lady Antoinette is berthed. Before the Court is NYAC's motion for the entry of default judgment on its cross claim against the Baucos. For the following reasons, the Court GRANTS the motion in part and DENIES in part.

I.     BACKGROUND

On August 5, 2016, PMJ filed a complaint alleging that 500 Realty Associates LLC, of which Mr. Bauco was a managing member, was in default on a $75,000 loan. Dkt. No. 1. The loan was personally guaranteed by the Baucos and secured by a First Preferred Ship Mortgage in favor of PMJ on the Vessel. Dkt. No. 74, Ex. C, D. In its Complaint, PMJ stated that Defendant NYAC was in possession of the Vessel and had asserted a claim of lien in the amount of $11,211.66. Dkt. No. 1.

According to PMJ, on September 22, 2016, the Baucos' attorney at the time, Phillip Grimaldi, accepted service of the Summons and Complaint on behalf of the Baucos. *See* Dkt.

1

No. 13, ¶ 4. In exchange, PMJ agreed to extend the time for the Baucos to respond until October 20, 2016. *See* Dkt. No. 57, Ex. 1. However, the Baucos failed to do so, and on October 27, 2016, PMJ requested an entry of default against the Baucos. Dkt. No. 18. Around the same time, PMJ requested that the Court issue a warrant for the arrest of the Vessel and appoint NYAC as custodian. *See* Dkt. Nos. 14-15. The Court issued the warrant and appointed NYAC custodian of the Vessel, but denied PMJ's request for a default without prejudice because it could not conclude that service on Grimaldi clearly was proper. *See* Dkt. No. 31.

On December 8, 2016, NYAC filed its Verified Answer with Cross Claim alleging that the Baucos owed $61,616.11[1] in unpaid bills for vessel storage, membership dues, and associated costs from April 30, 2016 through October 22, 2016, plus interest and attorneys' fees. Dkt. No. 28. NYAC served the Verified Answer and Cross Claim on the Baucos by certified and regular mail and on Grimaldi by regular mail. Dkt. No. 29. On December 21, 2016, the Clerk of the Court issued Cross Claim Summonses for service on the Baucos. Dkt. Nos. 36, 37. The summonses and Verified Answer with Cross Claim were served by personal delivery to Antoinette Bauco on January 10, 2017, and by mail on January 11, 2017. Dkt. No. 38.

In late January 2017, Grimaldi informed PMJ that he no longer represented the Baucos, and PMJ served the Baucos personally on February 14, 2017. Dkt. Nos. 48, 49. When the Baucos failed to respond to the complaint, PMJ again requested to enter default against them. Dkt. No. 50. This time, on March 9, 2017, the Clerk of the Court entered a Certificate of Default against the Baucos. Dkt. No. 52. On April 6, 2017, PMJ moved for an interlocutory sale of the Vessel. Dkt. No. 55. On May 4, 2017, the Baucos, in their first filing in this litigation, requested via new counsel an extension of time to respond to PMJ's motion, which the Court granted. *See*

---

[1] NYAC later corrected the statement on which the cross claim was based to reflect that the amount owed is $55,016.07. *See* Dkt. No. 101, ¶ 10.

2

Dkt. No. 65. On May 9, 2017, NYAC requested that default be entered against the Baucos for failure to answer or otherwise respond to the cross claim. Dkt. No. 67. The Clerk of the Court issued the requested Certificate of Default on May 17, 2017, one day after the Baucos submitted their opposition to PMJ's motion and also moved to vacate the default that had previously been entered against them for failing to answer PMJ's original complaint. Dkt. No. 73.

On January 18, 2018, the Court denied PMJ's motion for an interlocutory sale and provisionarily vacated the default as to PMJ's complaint, contingent on the Baucos posting bond or another form of adequate security. Dkt. No. 88. The Court ordered the Baucos to inform the Court when they had posted security and to file an answer to PMJ's complaint. *Id.* The Baucos duly filed an answer, Dkt. No. 90, but have thus far failed to post the bond required to vacate the default.

Now before the Court is NYAC's motion for default judgment against the Baucos on the cross claim, which was filed on Feburary 27, 2018 and served on the Baucos the same day. Dkt. Nos. 101, 103. Notwithstanding the March 13, 2018 deadline for opposing the motion for default judgment, on March 20, 2018, the Baucos filed a request for an extension of time in which to respond. Dkt. No. 112. NYAC opposed this request, noting that both the NYAC motion and a joint letter filed by the parties on March 2, 2018, correctly stated the opposition deadline as March 13, 2018. Dkt. No. 113. The Court denied the untimely request for an extension of time to oppose. Dkt. No. 114.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a

3

default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Default Judgment Is Warranted

Here, entry of a default judgment is warranted. The Baucos initially failed to appear or respond in any way, either to the original complaint or the cross claim. Then, when the Baucos began to participate in the case, they nevertheless failed to answer or respond in any way to the cross claim. Finally, the Baucos missed the deadline to oppose the instant default judgment motion, despite having appeared and made other filings previously.

Even with this history, the court is expected to exercise "sound judicial discretion" in determining whether a default judgment should be entered. CHARLES ALAN WRIGHT ET AL., 10A FED. PRAC. & PROC. CIV. § 2685 (4th ed. 2017). The Court may consider factors such as: the amount of money at stake; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; whether the grounds for default are clearly in doubt; how harsh an effect default judgment might have; whether the default was caused by a

good-faith mistake or by excusable or inexcusable neglect; and plaintiff's actions throughout. *Id.* Having considered these factors, the Court finds default judgment appropriate in these circumstances.[2]

### B. NYAC Establishes a Prima Facie Case for Recovery against Frank Bauco

The Court must also evaluate damages. The first step is to look to the complaint to determine whether the plaintiff has established a *prima facie* case for recovery. *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012). Where a plaintiff creditor brings a claim to recover debts owed by defendants as reflected in an account stated, "plaintiff must prove the existence of an agreement between defendants and himself based upon prior transactions between them." *Carey v. Mui-Hin Lau*, 140 F. Supp. 2d 291, 298 (S.D.N.Y. 2001). "Such an agreement is implied if plaintiff shows that (1) defendants received invoices from him, and (2) defendants failed to object within a reasonable time or defendants made partial payment on account." *Id.*

In its cross claim, NYAC alleged that the Baucos were liable for unpaid charges incurred pursuant to a Vessel Berthing/Storage Agreement. *See* Dkt. No. 28. NYAC has provided a copy of the Vessel Berthing/Storage Agreement signed by the Frank Bauco on March 12, 2010. *See* Dkt. No. 102, Ex. 6. The agreement provides that if the vessel owner becomes delinquent in sums owed to NYAC, the owner shall be liable for "interest at the legal rate, costs and

---

[2] Though the Court previously determined that a conditional vacatur of the Baucos' default as to the original complaint was appropriate, the circumstances are substantially different here. *See* Dkt. No. 88. In its previous Order, the Court concluded that the Baucos' default was willful, but found that other factors weighed in favor of vacating the default. *Id.* at 13. Specifically, the Court found that the Baucos had a potentially meritorious defense with respect to PMJ's claims, and that the Court could protect against the risk of financial harm by requiring the Baucos to post bond as a condition of vacatur. *Id.* There is no indication in the record that the Baucos have a potentially meritorious defense to the cross claim, on the other hand. Moreover, the Baucos have been unable or unwilling to comply with the condition of posting security, so there is little indication that imposing such a condition would be efficacious in response to the instant motion.

5

reasonable attorneys' fees," in addition to the principle. *Id.* NYAC has also provided a Statement of Account for Frank Bauco dated December 31, 2016, totaling $55,016.07, which was mailed to the Baucos and to which they have not objected. *See* Dkt. No. 102, Ex. 7.

Given this evidence, the Court finds that NYAC has established a *prima facie* case for recovery against Frank Bauco, who is listed as the owner of the Vessel in the March 12, 2010 Agreement and in whose name the Statement of Account was issued. *See id.*, Ex. 6, 7. However, Antoinette Bauco's name does not appear on either document, and NYAC makes no argument for her individual liability.[3] The Court therefore cannot conclude that NYAC has established a *prima facie* case for recovery against Antoinette Bauco personally.

### C. NYAC Provides Sufficient Evidence of Damages

Once liability is established, the "sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12-CV-2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'"

---

[3] The Tranchina Declaration refers to the Baucos together as the "Bauco defendants," and does not distinguish between the two for purposes of liability. *See* Dkt. No. 102.

*Begum v. Ariba Disc., Inc.*, No. 12-CV-6620, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (quoting *Credit Lyonnais*, 183 F.3d at 155).

On an inquest for damages, the plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty. *Transatlantic Marine*, 109 F.3d at 111. The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *Id.* (internal quotation omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (leaving the decision of whether a hearing is necessary for determining damages to the discretion of the district court).

Here, NYAC seeks damages in the amount of $55,016.07, the total reflected in the December 31, 2016 Statement of Account. Dkt. No. 102, Ex. 7. The charges in the Statement of Account are itemized with the exception of the Balance Forward. *See id.* NYAC has provided supplemental information regarding the charges that comprise the Balance Forward, which totals $10,911.18. *See id.*, Ex. 8. NYAC has also provided a declaration of its counsel asserting that Frank Bauco owes NYAC $55,016.07 in liquidated damages, plus interest on that amount accruing from October 26, 2016, the date on which the Court ordered appointment of substitute custodian of the vessel, to the date of this Order. *Id.* NYAC seeks interest at the "legal rate," as provided for in the Vessel Berthing/Storage Agreement. *Id.*, Ex. 7. Though the rate is not specified in the agreement, New York law provides that the legal pre-judgment rate of interest is 9% per annum. C.P.L.R. § 5004. Accordingly, NYAC has provided sufficient evidence of the damages that Frank Bauco owes with respect to liquidated damages and interest.

NYAC also seeks to recover attorneys' fees and costs under the contract, but requests permission to defer quantifying its claim. The Court therefore provisionally denies the request

7

without prejudice, and grants NYAC leave to file a quantified claim for attorneys' fees and costs supported by proper documentation at a later date.

## III. CONCLUSION

For the foregoing reasons, NYAC's motion for the entry of default judgment is granted only as to defendant Frank Bauco. The Court awards $55,016.07 in damages, plus interest at the rate of 9% per annum from October 26, 2016 through the date of this Order. NYAC may submit a request for attorneys' fees and costs together with supporting documentation within four weeks of the date of this Order. This resolves Docket Number 101.

SO ORDERED.

Dated: September 29, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge